UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAHMOUD ELMILLIGY,<br><br>                              Plaintiff,<br><br>-against-<br><br>MOUNT OLIVE TOWNSHIP, et al.,<br><br>                              Defendants. | 25-CV-5590 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who resides in Bayonne, New Jersey, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his rights in New Jersey and the country of Columbia. Named as Defendants are New Jersey Defendants Mount Olive Township; Mount Olive Police Department; Union County Prosecutor's Office; Morris County Prosecutor's Office; New Jersey Department of Children and Families; Division of Child Protection and Permanency; City of Elizabeth, New Jersey; and the City of Elizabeth, New Jersey. He also names as defendants the following individuals: Detective Lieutenant David Turner; Prosecutor Brian Mason; Attorney Jose Bastarrika; Noha Sedik; and Doe Defendants, who Plaintiff identifies as "officials and agents acting under color of law." (ECF 1, at 2.)

    For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the District of New Jersey.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in

this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that "[b]eginning in May 2023, [he] was subjected to a coordinated campaign of harassment, retaliation, and civil rights violations after attempting to report child abuse and misconduct by family members protected by local law enforcement." (ECF ¶ 5.) He also alleges that he "was kidnapped and tortured in Colombia between September 21 and October 21, 2024, after repeated delays by the U.S. Embassy and coordinated tracking efforts." (*Id.* ¶ 6.) Plaintiff filed, on the same date he filed this action, a related complaint in the United States District Court for the District of New Jersey that currently is pending. *See Elmilligy v. Union Cnty. Prosecutor's Off.*, No. 2:25-CV-12720 (EP) (CLW).

Plaintiff does not plead the residence of the defendants, only asserting that the alleged events giving rise to his claims occurred in New Jersey and Columbia. Because several of the Defendants are New Jersey residents and the alleged events occurred in New Jersey and Columbia, from the face of the complaint, it is clear that venue is not proper in this Court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims primarily arose in New Jersey, which is in the District of New Jersey. *See* 28 U.S.C. § 110. Accordingly, venue lies in the

District of New Jersey, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the District of New Jersey, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of New Jersey. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court.

A ruling on Plaintiff's motion for a temporary restraining order (ECF 4), motion for protective orders (ECF 7), and motion to seal supplemental declaration (ECF 8) are determinations to be made by the transferee court. The Court directs the Clerk of Court to terminate the motions at ECF 4, 7, and 8.

This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 14, 2025
         New York, New York

                                   /s/ Laura Taylor Swain
                                   LAURA TAYLOR SWAIN
                                   Chief United States District Judge